# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARK SHOECRAFT,

                    Petitioner,           :     Case No. 3:19-cv-261

   - vs -                             District Judge Thomas M. Rose
                                             Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                    :
                    Respondent.

---

# DECISION AND ORDER

---

This habeas corpus case, brought by petitioner Mark Shoecraft *pro se* under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," ECF No. 16) to the Magistrate Judge's Report and Recommendations recommending dismissal of the case ("Report," ECF No. 15). The Warden has filed a timely Response to the Objections ("Response," ECF No. 19).

As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* all portions of the Report to which Petitioner has made specific objection, and rules herein on those objections.

**Litigation History**

A Montgomery County, Ohio grand jury returned a ten-count indictment against Petitioner on February 13, 2017, in connection with the fatal shooting of Eric Raglin on the evening of January 31, 2017 (Indictment, State Court Record, ECF No. 7, PageID 59-68). Raglin had been a customer of Shoecraft's for a trafficking amount of methamphetamine. When Raglin tried to flee

with the drugs without paying the agreed $600 price, Shoecraft shot at the fleeing car and mortally wounded Raglin. Petitioner waived trial by jury and the trial judge convicted him on all counts except for the charge of trafficking in cocaine (Count Nine and its firearm specification). The trial judge also found Shoecraft guilty as to the firearm specifications attached to seven of the nine counts on which he was found guilty. *Id*. at PageID 69-70, 72- After merging some of the convictions under Ohio Revised Code § 2941.25, the trial judge sentenced Petitioner to an aggregate sentence of forty years to life imprisonment. *Id*. at PageID 90-93.

Petitioner appealed raising five assignments of error, and the Ohio Second District Court of Appeals affirmed the convictions, *State v. Shoecraft*, No. 27860, 2018-Ohio-3920 (Ohio App. 2nd Dist. Sep. 28, 2018). The Second District granted Shoecraft leave to file a delayed application for reconsideration, but then *per curiam* denied substantive relief (State Court Record, ECF No. 7, PageID 207-19). Shoecraft sought and received permission to file a delayed appeal to the Supreme Court of Ohio, *State v. Shoecraft*, 155 Ohio St. 3d 1455, 2019-Ohio-1759, but the delayed appeal was dismissed for want of prosecution. *State v. Shoecraft,* 156 Ohio St. 3d 1411, 2019-Ohio-2402.

On February 21, 2019, Petitioner applied to reopen his direct appeal under Ohio R. App. P. 26(B), claiming his appellate attorney was ineffective for failing to claim his trial attorney was ineffective for not presenting a cultural expert (State Court Record, ECF No. 7, PageID 243-59). The Second District denied reopening, *id*. at PageID 260-64, and the Supreme Court of Ohio declined appellate jurisdiction. *State v. Shoecraft,* 156 Ohio St. 3d 1455, 2019-Ohio-2780.

Prior to that, Petitioner filed for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 7, PageID 294-302), which was denied in August 2019. *Id*. at PageID 327-36). Petitioner took no appeal, but filed the instant habeas corpus petition August 19, 2019, pleading the following grounds for relief:

**Ground One**: Petitioner did not voluntarily waive his right to a jury trial in violation of his 5th, 6th, and 14th Amendment rights.

**Supporting Facts:** Petitioner submits that the records establishes [sic] that he did not waive his rights to a jury trial in a knowing, intelligent, and voluntary fashion, as petitioner was not sufficiently appraised [sic] of how his guilt could be decided.

**Ground Two**: The trial court erred by rejecting petitioner's affirmative defense of self-defense and defense of another, violating the 5th & 14th Amendments.

**Supporting Facts:** The records establishes [sic] that, at the time Raglin (victim) attempted to drive away with the drugs without paying, petitioner and his friend Glenn were standing along the driver's side of the car, petitioner argued at trial that he believed he and Glenn were in danger, and based upon Raglin's actions, petitioner was legally justified in shooting in self-defense.

**Ground Three**: The trial court erred in rejecting voluntary manslaughter an inferior degree of murder, violating the 5th, 14th, Amendment [sic].

**Supporting Facts:** Petitioner submits that there was more than sufficient provocation to bring extreme stress involved in this case, and it was the trial court judge's ignorance of petitioner's race and environment that kept the judge/trier of fact from seeing the justification in the petitioner's actions.

**Ground Four**: The trial court committed plain error in sentencing petitioner on allied offenses.

**Ground Five**: The petitioner's conviction on the charge of felonious assault against Ms. Houchins was against both the sufficiency of the evidence, and against the manifest weight of the evidence, violating the 5th and 14th Amendments.

**Supporting Facts:** Petitioner had absolutely no intent to harm Ms. Houchins, and there was not testimony produced that suggested petitioner did, what could have happened in hind-sight and what did is completely different.

**Ground Six**: Petitioner was denied effective assistance of trial counsel in violation of his Sixth Amendment where counsel failed to request a cultural expert.

**Supporting Facts**: Because of the cultural differences between the judge and the parties involved, counsel was required to bring forth a witness in mitigation of sentence, and to aid the defense in establishing why petitioner felt threatened enough to shoot when a white surbanian [sic] might not.

(Petition, ECF No. 4, PageID 39-45.)

# Analysis

## Ineffective Assistance of Trial and Appellate Counsel Regarding Forensics

In his Traverse, Petitioner argued that the statement of facts by the Second District Court of Appeals was in error in regard to describing how the fatal shooting actually occurred (ECF No. 14, PageID 889-92).  He quotes at length for the actual trial testimony on the bullet trajectories. At the end of this section he states:

> As plainly demonstrated in this rebuttal, the state appellate court's factual findings are clearly incorrect and contrary to the actual evidence in this case.  And for reasons that should be clear to this Court, this is a sure reflection on the ineffectiveness of trial and appellate counsel as well.

*Id.* at PageID 892.

In the Report, the Magistrate Judge concluded that even if this part of the statement of facts was in error, that was not material to the case (Report, ECF No. 15, PageID 914).  This is so, the Report stated, because:  "It is undisputed that Shoecraft, and only Shoecraft, fired seven shots at the fleeing car. It is undisputed that one of those shots lodged in Raglin's brain and killed him." *Id.*

In his Objections, Petitioner argues that his rebuttal of the statement of facts is important because it shows the evidence to convict was constitutionally insufficient as well as showing both ineffective assistance of trial counsel and ineffective assistance of appellate counsel for not hiring a forensics expert.

Petitioner's objections are not persuasive. Shoecraft did not raise insufficiency of the forensic evidence on direct appeal (Appellant's Brief, State Court Record, ECF No. 7, PageID 100 *et seq.*). He did not raise ineffective assistance of trial counsel for failing to hire a forensic expert in his petition for post-conviction relief. *Id.* at PageID 294-302. And the only issue he raised in his 26(B) Application was a claim appellate counsel was ineffective for not claiming trial counsel was ineffective for failure to call a cultural expert. *Id.* at PageID 243-59. Petitioner did not plead insufficiency of the forensic evidence or ineffective assistance of trial counsel or ineffective assistance of appellate counsel regarding forensic evidence even in his Petition. Thus Petitioner procedurally defaulted this claim in the Ohio courts and never properly pleaded it as a claim here.[1]

Moreover, Petitioner has not explained away the undisputed facts noted by the Magistrate Judge: Shoecraft fired at least seven shots at Raglin's fleeing car. No one else shot at the car at all. Raglin, at whom Shoecraft was aiming, died of a bullet wound to back of the head. Whether or not, as Petitioner argues, a forensic expert would have "shredded the state's case in this regard[,]" (ECF No. 16, PageID 919), there is no other rational explanation of how Eric Raglin was shot in the back of the head.

**Ground One: Involuntary Waiver of Jury Trial**

---

[1] A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011), citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

This case was tried to the bench after Petitioner waived his right to trial by jury. In his First Ground for Relief, he claimed his waiver was not sufficiently well informed and therefore involuntary. The Report noted that this claim had been argued under both Ohio and federal constitutional law on direct appeal, the Second District Court of Appeals decided it on the merits, and that decision was entitled to deference under 28 U.S.C. § 2254(d)(1) (ECF No. 15, PageID 902-04). The Report also found this claim was procedurally defaulted because Shoecraft's delayed appeal to the Supreme Court of Ohio was dismissed for want of prosecution. *Id.* at PageID 904-06.

Petitioner makes no objection to the procedural default finding. As to the merits, this Court can in fact only grant relief on a constitutional claim decided on the merits by the state courts if the state court decision was an unreasonable application of Supreme Court precedent. Petitioner does not even claim that there is such a case, either in his Traverse or his Objections. That is, he does not point to any case in which the Supreme Court held a jury waiver was invalid based on omission of the information Shoecraft claims he was not told, to wit, that a jury verdict had to be unanimous and that he would be allowed to participate in the jury selection process. Petitioner's Objections on Ground One are OVERRULED.

**Ground Two: Self Defense and Defense of Another**

In his Second Ground for Relief, Petitioner asserts the trial judge committed error in not accepting his affirmative defenses of self-defense and defense of another. The Second District Court of Appeals rejected these defenses by holding the trial evidence did not support them. *State*

*v. Shoecraft,* 2018-Ohio-3920 (Ohio App. 2nd Dist. 2018). This claim had been presented to that court as a manifest weight of the evidence claim and the Magistrate Judge held that such a claim is not cognizable under the United States Constitution (Report, ECF No. 15, PageID 907, citing *Johnson v. Havener,* 534 F.2d 1232 (6th Cir. 1986)).

Petitioner objects that "affirmative defenses deals [sic] with sufficiency of the evidence, which the petitioner had the burden of proving by a preponderance of the evidence. . . . This constitutional claim should be reviewed for sufficiency of evidence." (Objections, ECF No. 16, PageID 921.)

In his brief on appeal, Shoecraft admitted that self-defense and defense of another are affirmative defenses under Ohio law on which a defendant bears the burden of proof by a preponderance of the evidence (State Court Record, ECF No. 7, PageID 116). To prevail on a claim that there was insufficient evidence to convict in the face of a claim of self-defense, a defendant would have to show that the evidence supporting the defense was so strong that no rational trier of fact could have rejected it. Here the Second District essentially found that there was insufficient evidence of self-defense or defense of another to prove those defenses. Petitioner's appellate counsel correctly quoted the elements of self-defense:

> To prove self-defense, a defendant must prove three elements. The defendant must prove that he: (1) was not at fault in creating the situation that gave rise to the fight; (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that the use of force was his only means of escape; and (3) he did not violate any duty to retreat or avoid the danger. *State v. Goff,* 128 Ohio St.3d 169, 2010-Ohio-6317, 942 N.E.2d 1075, ,136, quoting *State v. Thomas, 11* Ohio St.3d 323,326,673 N.E.2d 1339 (1997); *State v. Williford,* 49 Ohio St.3d 247,249 (1990), citing *State v. Robbins,* 58 Ohio St2d 74 (1979), at paragraph two of the syllabus. Generally, one has a duty to retreat/if possible, before resorting to lethal force. *Id.* at 250.

*Id.* at PageID 117. The Second District, in effect, held that Shoecraft had presented insufficient

7

evidence to establish any of these elements of self-defense or defense of another. *Shoecraft*, 2018-Ohio-3920, ¶¶ 35-39.

In a sufficiency of the evidence habeas corpus case, deference must be given to the trier-of-fact's verdict under *Jackson v. Virginia*, 443 U.S. 307 (1979), and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008) .

Petitioner's Objections as to Ground Two are OVERRULED.


**Ground Three:  Failure to Accept Voluntary Manslaughter as Lesser Included Offense**


In his Third Ground for Relief, Petitioner claims there was sufficient evidence of the provocation he was under to justify a conviction for voluntary manslaughter instead of murder. In his closing argument trial counsel asked the trial judge to consider the lesser included offense of voluntary manslaughter. *Shoecraft*, 2018-Ohio-3920, ¶ 43.  The Magistrate Judge found the Second District rejected this claim because it was inconsistent with Shoecraft's own testimony that he shot Raglin out of fear and fear is insufficient under Ohio law to constitute the sudden passion or fit of rage necessary to reduce murder to voluntary manslaughter. *Id.* at ¶¶ 47-48.

The Report recommended dismissing this Ground for Relief because a habeas court may not re-weigh the credibility of witnesses and there is no federal constitutional rule to require conviction on a lesser included offense (Report, ECF No. 15, PageID 908).

Petitioner was understandably upset that Raglin was attempting to get away without paying

for $600 worth of methamphetamine. The Second District noted that voluntary manslaughter under Ohio law requires meeting both an objective and a subjective test. Objectively, a defendant must prove the provocation was sufficient to arouse "the passion of an ordinary person beyond the power of his or her control" of the impulsive rage to use deadly force. *Shoecraft*, 2018-Ohio-3920, ¶ 46. Only if an ordinary person would be so aroused does the court reach the subjective question: was this defendant thus aroused? Petitioner complains that nobody asked him how angry he felt at having $600 of contraband ripped off (Objections, ECF No. 16, PageID 922). But the subjective question is not reached until an affirmative answer is reached on the objective question. Here the Second District noted that, under governing Ohio case law, the fear sufficient to sustain a self-defense position, which is what Shoecraft claimed, is not sufficient and it had already held the facts would not support self-defense. *Shoecraft*, 2018-Ohio-3920, ¶ 47. A fortiori they would not support a reduction to voluntary manslaughter.

The question of what evidence is required to reduce murder to voluntary manslaughter is a question of Ohio law. On that question, this Court is bound by the Second District's conclusion. We are also bound by its weighing of the evidence since we may not reevaluate the credibility of the witnesses. Petitioner's Objections on Ground Three are OVERRULED.


**Ground Four: Allied Offenses/Double Jeopardy**


In his fourth assignment of error, Shoecraft argued on direct appeal "that the trial court erred when it failed to merge his convictions for murder (Raglin), felonious assault (Houchins), carrying a concealed weapon, discharge of firearm on or near prohibited premises, having a

weapon while under disability, and trafficking in drugs." *Shoecraft*, 2018-Ohio-3920, ¶ 51.

The Report concluded this claim was barred by Petitioner's procedural default in not making any contemporaneous objection at trial, a default enforced by the Second District's review only for plain error (Report, ECF No. 15, PageID 908-09).

Petitioner objects that "the contemporaneous objection rule does not apply to the appeal of an unlawful sentence." (Objections, ECF No. 16, PageID 923.) For support he appeals to the very paragraph of the Second District's decision which applied the contemporaneous objection rule to him in this case. **The court wrote:**

> Initially, we note that Shoecraft has waived all but plain error by failing to object to the failure of the trial court to merge his convictions at his sentencing hearing. *See State v. Rogers*, 2d Dist. Greene No. 2011 CA 0057, 2012-Ohio-4451, ¶ 5. However, failure to merge allied offenses of similar import is plain error. *Id*. In order to prevail under the plain error standard, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise. *Id.*, citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88.

*Shoecraft*, 2018-Ohio-3920, ¶ 56. Thus, Petitioner is in error when he claims the contemporaneous objection rule does not apply to allied offenses claims.

Despite Petitioner's procedural default, the Second District did analyze his allied offenses claim for plain error. It concluded the felony murder of Raglin and the felonious assault on Houchins did not merge because there were different victims. *Shoecraft*, 2018-Ohio-3920, ¶ 57. It concluded the conviction for discharge of a firearm upon or over a public roadway did not merge because the general public that uses the roadway is the victim of the risk created, even if no one besides the murder victim is hurt. *Id.* at ¶ 58, following its own precedent in *State v. Williams*, No.

27663, 2018-Ohio-11647 (Ohio App. 2ⁿᵈ Dist. Apr. 27, 2018).

Although the Objections cite other Ohio cases which have held the same as the Second District did in this case and in *Williams*, but concludes that punishing Shoecraft for both offenses violates the Double Jeopardy Clause because it "depends on the same identifiable harm of the person injured by the same discharging of a firearm to increase the penalty for the offense . . . [and] petitioner has already been punished for that harm in a separate offense." (Objections, ECF No. 16, PageID 925.)

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other[.]" *United States v. Dixon*, 509 U.S. 688, 696 (1993), citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Yet, even where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Garrett v. United States*, 471 U.S. 773, 779 (1985), citing *Missouri v. Hunter*, 459 U.S. 359, 368 (1983) and *Albernaz v. United States*, 450 U.S. 333, 344 (1981); .

An Ohio court of appeals decision of a double jeopardy claim limited to the application of Ohio Rev. Code § 2941.25 is entirely dispositive of the federal double jeopardy claim. *Jackson v. Smith*, 745 F.3d 206, 210 (6th Cir. 2014), citing *State v. Rance*, 85 Ohio St. 3d 632, 705 (1999), *overruled prospectively by State v. Johnson*, 128 Ohio St. 3d 153 (2010) (see *Volpe v. Trim*, 708 F.3d 688 F.3d 688, 701 (6th Cir. 2013).

> What determines whether the constitutional prohibition against multiple punishments has been violated is the state legislature's intent concerning punishment. Specifically, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."

*Jackson*, 745 F.3d at 211 (alteration in original), quoting *Hunter*, 459 U.S. at 366 . Ohio Rev. Code § 2941.25, and not the *Blockburger* test, determines whether a person has been punished twice for the same offense under Ohio law in violation of the federal Double Jeopardy Clause. *Jackson v. Smith*, 745 F.3d at 213.

Here the Second District in this case and Williams, as well as the other cases cited by Petitioner in his objections, have determined that the single act of firing a gun at a fleeing car with a driver and a passenger is three separate offenses because there are three separate victims: the driver, the passenger, and the road-using public. Because these are not allied offenses of similar import under Ohio Revised Code § 2941.25, Petitioner's conviction for all three does not violate the Double Jeopardy Clause. Petitioner's Objections on Ground Four are OVERRULED..

**Ground Five: Insufficient Evidence on Assault on Houchins**

In his Fifth Ground for Relief, Shoecraft claims there was insufficient evidence to convict him of felonious assault on Amanda Houchins, the front seat passenger in Raglin's car when

Shoecraft shot at it. Petitioner presented this as his fifth assignment of error on direct appeal. The Second District noted that Shoecraft admitted knowing Houchins was in the front passenger seat. *Shoecraft*, 2018-Ohio-3920, ¶ 74. "As Raglin drove away without paying for the methamphetamine, Shoecraft fired at least seven shots from a handgun at Raglin's vehicle. However, Shoecraft argues that because he only intended to shoot at Raglin, he could not be convicted for felonious assault against Houchins." *Id.*

The Report concluded this decision was not an unreasonable application of the controlling Supreme Court precedent, *Jackson*, 443 U.S. 307, and was therefore entitled to deference under 28 U.S.C. § 2254(d)(1) (Report, ECF No. 15, PageID 912). The Magistrate Judge also noted this claim was procedurally defaulted when Petitioner failed to prosecute his appeal in the Supreme Court of Ohio. *Id.*

Petitioner's Objections assert this interpretation is contrary to the plain language of the felonious assault statute (ECF No. 16, PageID 926), but we are bound by the Second District's interpretation of that statute. Petitioner admits he was trying to shoot Raglin and the Second District reasonably found that in doing so he fired at least seven bullets into the rear of the car in which Houchins was a passenger. This fits squarely within the doctrine of transferred intent cited in the Report (ECF No. 15, PageID 910, citing *Bradshaw v. Richey*, 546 U.S. 74, 76-78 (2005)).

Aside from the merits, Petitioner makes no effort to excuse his procedural default of this claim in the Supreme Court of Ohio. His Objections on the Fifth Ground for Relief are OVERRULED.

**Ground Six: Ineffective Assistance of Trial Counsel: Failure to Retain a Cultural Expert**

In his Sixth Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel when his trial attorney did not retain a cultural expert who could have testified that Shoecraft's shooting of Raglin was justified or at least the seriousness could be mitigated because Raglin felt threatened enough to shoot when a white suburbanite might not have.

The Report rejected this claim in part because Petitioner had not cited any Supreme Court authority for the proposition that failure to employ such an expert would have been deficient performance as required by *Strickland v. Washington,* 466 U.S. 668 (1984) (Report, ECF No. 15, PageID 913). The Magistrate Judge also found the claim procedurally defaulted because it would obviously depend on evidence outside the direct appeal record – for example, proof that there exists a reputable cultural expert willing to testify as Petitioner suggests – and no such proof was submitted with Shoecraft's petition for post-conviction relief. *Id.* at PageID 913-14.

Petitioner now asks the Court to stay and abey this case so that he can return to state court to present such evidence and exhaust this ground for relief, as well as his claim about failure to call a forensic expert (Objections, ECF No. 16, PageID 926). However, that request misses the point of procedural default: Shoecraft already had an opportunity to present this claim in a post-conviction petition and failed to do so. The circumstance in which an Ohio court will entertain a second post-conviction petition are very limited, and Shoecraft does not meet them. *See* Ohio Revised Code § 2953.23. Moreover, in authorizing the stay and abeyance procedure, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay

and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Petitioner's claim that his trial attorney should have hired a cultural expert to testify that Shoecraft's shooting of Raglin is somehow justified or its seriousness mitigated by Shoecraft's ethnicity or upbringing is plainly meritless. He has not shown that any such expert exists. Petitioner's Objections on Ground six are OVERRULED.

**Separate Objection on Overcoming Procedural Default**

At the conclusion of his Objections, Petitioner argues at length that his procedural default in the Supreme Court of Ohio is excused by ineffective assistance of appellate counsel in the form of Ohio's denial of appointed counsel at the stage of appeal to the Supreme Court of Ohio (Objections, ECF No. 16, PageID 927-30).

This Objection is without merit. Ineffective assistance of counsel can excuse procedural default only if it occurs in a proceeding in which a defendant is entitled to appointee counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, No. 95-4027 1997 U.S. App. LEXIS 6115, *5 (6th Cir. Mar. 27, 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). The right to appointed counsel extends to the first appeal of right and no

further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). While habeas petitioners are required to exhaust their remedy of an appeal to the Supreme Court of Ohio, review by that court is discretionary (except in capital cases) and not a matter of right. Attorney error cannot constitute cause where the error caused a petitioner to default in a proceeding in which he was not constitutionally entitled to counsel, *e.g.*, a discretionary appeal or state post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). Lack of counsel in Supreme Court of Ohio proceedings and lack of a trial transcript at that stage of the case does not excuse default in those proceedings. *Bonilla v. Hurley,* 370 F.3d 494, 497-98 (6th Cir. 2004).

Petitioner's argument that lack of counsel in Supreme Court of Ohio proceedings excuses his default in those proceedings is OVERRULED.

**Conclusion**

Having review the Magistrate Judge's Report in light of the Objections, the Court ADOPTS the Report and orders that this case be dismissed with prejudice. The Clerk shall enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 24, 2020                                   *s/Thomas M. Rose

                                                    _____

                                                    Thomas M. Rose
                                                    United States District Judge